Radcliff, J.
There does not appear to be any relation between Masterton and the tenant.

Per Curiam.

The party can take nothing by his motion.
Motion denied.(a)
Lewis, Ch. J., absent.

 The claim of the landlord to defend, is thought to be by statute. 1 Rev. Laws, 145, s. 30. Lord Holt says it is of right, Fenwick's Case, 1 Salk. 257, but though before the statute a landlord might have been let in to defend, the second provision of the section seems new. It has been determined that neither a devisee, where the ejectment is by the heir, nor a mortgagee, who has never received rent, Bull N. P. 95, nor a cestui que trust; who has never been in possession, Lovelock v. Doncaster, 3 D. & E. 783, are ’andlords within the statute; that a devisee in trust, Nonis v. Doncaster, 4 D. & E. 122, a mortgagee, Doe v. Cooper, 8 D. & E. 645, though the report does not say he had ever received rent, and a lord claiming by escheat, Fairclaim v. Shamtitle, 3 Burr. 1290, are landlords within. From this last *208 cited case, it would seem, that all who stand behind the tenant may come in to defend for their own interests. See Jackson, ex dem. Cantine and others, v. Stiles, (George Clark, tenant,) 4 Johns. Rep. 493, as to admitting alien landlords.
Slites v. Jackson, 1 Wend. Rep. 316; 6 Cow. 589; 5 Id. 447; Jackson v. Flint, 2 Cow. 594; 11 Johns. Rep. 407; Jackson v. Babcock, 17 Johns. Rep 112; N. Y. Code, s. 122.